So Ordered.

Dated: March 24, 2022



G. Michael Halfenger
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

    Sam S Sabri,　　　　　　　　　　　　　　　　Case No. 21-23605-gmh

                                                             Chapter 7

        Debtor.

Mohammed Ibrahim,

        Plaintiff,

    v.　　　　　　　　　　　　　　　　　　　　　Adv. Proc. No. 21-02113-gmh

Sam S Sabri,

        Defendant.

**DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS**

Mohammed Ibrahim commenced this adversary proceeding against Sam Sabri, the debtor in the underlying chapter 7 case, seeking either a determination that a debt owed to him by Sabri is nondischargeable under 11 U.S.C. §523(a)(6) or denial of Sabri's

discharge under 11 U.S.C. §727(a)(4)(A).[1] Sabri moves to dismiss Ibrahim's complaint for failure to state a claim upon which relief can be granted. See Fed. R. Bankr. P. 7012(b); Fed. R. Civ. P. 12(b)(6).

To state a claim for relief, an adversary complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief". Fed. R. Civ. P. 8(a)(2); Fed. R. Bankr. P. 7008. This "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss" asserting a failure to satisfy this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A complaint states a facially plausible claim when it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This standard is stricter with allegations of fraud, requiring the pleading to "state with particularity the circumstances constituting fraud", but more lenient with "[m]alice, intent, knowledge, and other conditions of a person's mind", which "may be alleged generally." Fed. R. Civ. P. 9(b); Fed. R. Bankr. P. 7009.

---

[1] Nondischargeability under §523(a)(6) is "Count I" of Ibrahim's adversary complaint, and denial of discharge under §727(a)(4)(A) is "Count II". ECF No. 1, at 6. The complaint also cites §523(a)(2)(A) and §523(a)(4), as well as §727(a)(3), see *id.* at 2 & 7, but it pleads no facts and states no legal conclusions that are plausibly relevant to a claim for relief under any of these provisions. Similarly, Ibrahim's response to Sabri's motion to dismiss the complaint cites §727(a)(3)—though not §523(a)(2)(A) or §523(a)(4)—but it does not contain any argument that the complaint states a claim for relief under that provision. For these reasons, the court construes the complaint as an attempt to state only two claims for relief, one for a determination of nondischargeability of a debt under §523(a)(6), and the other for denial of a discharge under §727(a)(4). Alternatively, if Ibrahim meant for the complaint to state any other claims for relief—including one or more claims for relief under §523(a)(2)(A), §523(a)(4), or §727(a)(3)—Sabri's motion is granted as to those claims, which are dismissed for failure to state a claim upon which relief can be granted, because the complaint pleads no facts relevant to any such claims, as noted above.

I

Section 523(a)(6) excepts from an individual debtor's discharge under §727 any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity". To prevail on such a claim, a creditor "must show that the debt at issue arises from an injury to the creditor's person or property, intentionally caused by the debtor, with some level of malice, wickedness, or a specific intent to inflict injury." *Heinrich v. Bagg (In re Bagg)*, 589 B.R. 650, 656 (Bankr. E.D. Wis. 2018) (citing *First Weber Grp., Inc. v. Horsfall*, 738 F.3d 767, 774–75 (7th Cir. 2013)).

Ibrahim's adversary complaint, favorably construed, alleges the following facts: Ibrahim is an attorney who used to work for a law firm in Chicago. Sabri was a client of the firm for less than a year before he demanded a refund, threatening that the firm would "lose[] substantially more money" if it refused. ECF No. 1, at 3, ¶18. Sabri then led a campaign—in which he routinely involved his family members and friends—maligning Ibrahim as a thief and a hustler in more than one hundred reviews, comments, and posts ("using real and fake accounts") on the firm's website, the Google page for the solo practice Ibrahim established after he left the firm, and "the Middle Eastern community public pages on Facebook". *Id.* at 3–4, ¶¶19–26. Sabri also filed a complaint with the Illinois State Bar Association that was dismissed without investigation. Ibrahim twice sued Sabri for defamation. He dropped the first suit after Sabri "deleted all of his fake reviews from Google" but filed another after "Sabri started his defamatory actions again and sent [Ibrahim] . . . messages" threatening him and his family members with bodily harm if he did not pay Sabri $2500. *Id.* at 4–5, ¶¶28–31. Ibrahim obtained a default judgment against Sabri in the second case, though that did not stop Sabri, who has since sent Ibrahim "messages on Facebook demanding a full refund" and threatening "much more damage to [Ibrahim's] reputation." *Id.* at 4, ¶27. These allegations are sufficient to state a facially plausible claim under §523(a)(6).

Sabri's arguments to the contrary are unpersuasive. Sabri notes that he "was not

served" in Ibrahim's second defamation case and that he "had no knowledge of [its] pendency until after the judgment was entered." ECF No. 7, at 1–2. Assuming this is true—and the complaint expressly alleges otherwise—Sabri does not explain why it matters, other than to posit that the judgment "has no res judicata effect". *Id.* at 5.[2] With or without a judgment, Sabri may be liable to Ibrahim on a debt that, if adjudged to be for a willful and malicious injury to Ibrahim, is nondischargeable under §523(a)(6). See 11 U.S.C. §101(5)(A) & (12) (defining "claim" in relevant part as a "right to payment, whether or not such right is reduced to judgment", and "debt" as "liability on a claim").

Next, Sabri states that the complaint "fails to mention" Ibrahim's first defamation suit and that it was dismissed because Ibrahim "failed to prosecute the case" after Sabri appeared. ECF No. 7, at 2. This is not accurate. The complaint expressly alleges facts about that suit and why it was dismissed (Ibrahim voluntarily dismissed it after Sabri removed some of his defamatory posts). And, again, even if what Sabri says is true, he does not explain (and the court cannot discern) how anything follows that is of consequence to this proceeding.

Finally, Sabri dismissively asserts that §523(a)(6) requires more than writing "a bad review", that "[t]he plaintiff must plead that the [d]ebtor actually intended to harm the creditor", and that "[t]here is no such allegation within the complaint filed."

---

[2] If the "judgment [was] rendered without service of process" as required by Illinois law, it "is void regardless of whether the defendant had actual knowledge of the proceedings". *W. Suburban Bank v. Advantage Fin. Partners, LLC*, 23 N.E.3d 370, 376 (Ill. Ct. App. 2014) (quoting *State Bank of Lake Zurich v. Thill*, 497 N.E.2d 1156, 1162 (Ill. 1986)). Such a judgment "is void *ab initio* and lacks legal effect." *Id.* at 378 (quoting *Deutsche Bank Nat. Tr. Co. v. Brewer*, 974 N.E.2d 224, 227 (Ill. Ct. App. 2012)). In other words, the judgment has no preclusive effect. So what? Whether Ibrahim has a valid judgment against Sabri for defamation does not determine whether Sabri owes Ibrahim a debt that is nondischargeable under §523(a)(6) because a judgment is neither necessary nor sufficient to establish that a debt that is nondischargeable under §523(a)(6). See *Gerard v. Gerard*, 780 F.3d 806, 811–12 (7th Cir. 2015) (holding that a state-court jury verdict finding a debtor liable for slander of title without specifically finding that his conduct was intentional, not merely negligent, was not preclusive as to whether his conduct was "willful and malicious" for purposes of §523(a)(6) and remanding for further proceedings in the bankruptcy court to make that determination).

ECF No. 7, at 5. This understatement misrepresents the complaint's allegations. The complaint broadly alleges that Sabri engaged in substantial misconduct (well beyond merely writing one bad review), his "intentional" acts were undertaken with "malice" in a concerted effort "to defame [Ibrahim] and injure [his] reputation", and those actions were consistent with Sabri's many threats of reputational and monetary harm to Ibrahim and his former firm. ECF No. 1, at 3–4, ¶¶18, 24, 26 & 27.

In seeking dismissal of Ibrahim's §523(a)(6) claim, Sabri does not squarely address the complaint's allegations. And he fails to explain how the complaint's well-pleaded factual allegations, taken as true, are insufficient to permit the reasonable inference that he willfully and maliciously injured Ibrahim, giving rise to a debt to Ibrahim that is nondischargeable under §523(a)(6). Sabri's motion to dismiss is, therefore, denied as to Sabri's §523(a)(6) claim.

II

Section 727(a)(4)(A) provides for denial of a discharge in a case under chapter 7 if "the debtor knowingly and fraudulently, in or in connection with the case . . . made a false oath or account". To prevail on a claim under §727(a)(4)(A), a plaintiff must "prove that the debtor made a material false statement under oath, the debtor knew the statement was false, and the statement was made with fraudulent intent." *In re Chlad*, 922 F.3d 856, 861 (7th Cir. 2019) (citing *Stamat v. Neary*, 635 F.3d 974, 978 (7th Cir. 2011)). In his complaint and response to Sabri's motion to dismiss the complaint, Ibrahim alleges that Sabri knowingly and fraudulently made material false statements in his sworn statement of financial affairs and bankruptcy schedules about his marital status, where he lives, and the extent of his connections to businesses.

A

For the most part, in his motion to dismiss Ibrahim's complaint, Sabri disputes not the sufficiency of the allegations, but their veracity. Specifically, Sabri asserts that he *is* married, like he said in his statement of financial affairs, and that he *does* live at his

stated address, and he attests to those facts in an affidavit that he filed, along with other documents, with his motion to dismiss the complaint. In other words, Sabri asserts in his motion to dismiss the complaint, and provides additional materials to show, that many of the facts alleged in Ibrahim's complaint are, simply, *not true*.

As noted above, when presented with a motion to dismiss a complaint or claim under Rule 12(b)(6), a court must *assume* that the well-pleaded facts *are* true. Where, as here, a party asks the court, in "a motion under Rule 12(b)(6)", to determine *whether* the alleged facts are true, based on "matters outside the pleadings", those matters must be "excluded by the court" or "the motion must be treated as one for summary judgment under [Federal] Rule [of Civil Procedure] 56." Fed. R. Civ. P. 12(d); Fed. R. Bankr. P. 7012(b); see also *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998) (citing *Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir.1993)) (explaining that it is generally within the discretion of the trial court whether to "handle the case as a straightforward motion to dismiss, rather than converting it to a motion under Rule 56"). The parties and the court are not yet ready to address Ibrahim's §523(a)(6) claim on the merits, so it makes little sense to convert Sabri's motion under Rule 12(b)(6) to a motion for summary judgment on Ibrahim's §727(a)(4)(A) claim. Therefore, the court will not consider matters outside the pleadings raised in Sabri's motion to dismiss.

B

Disregarding matters outside the pleadings, Sabri's Rule 12(b)(6) motion contains two arguments for dismissal of Ibrahim's §727(a)(4)(A) claim.

1

Sabri first challenges the sufficiency of the complaint's allegation that he failed, in his statement of financial affairs, to fully disclose his business connections, correctly asserting that it "does not provide any details of the lack of information." ECF No. 7, at 6. The complaint alleges that Sabri's sworn statement of financial affairs fails to

provide required information about the nature, names, taxpayer-identification numbers, locations, and beginning and end dates of[ ]all businesses in which [Sabri] was an officer, director, partner or managing executive of a corporation, a partner in a partnership, sole proprietor, or was self-employed in a trade, profession or other activity either full or part-time within six years immediately preceding the commencement of the case.

ECF No. 1, at 7, ¶43.[3]

As Sabri says, the complaint contains no specific allegations about what Sabri allegedly omitted from his statement of financial affairs with respect to his business connections. Without more, a recitation of legal requirements—even if accurate, which the one here is not—and a conclusory allegation that they were not observed are insufficient to satisfy the plausibility standard. *Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cty.*, 804 F.3d 826, 832 (7th Cir. 2015) (citing *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010)) ("Neither conclusory legal statements nor abstract recitations of the elements of a cause of action . . . help a complaint survive a Rule 12(b)(6) motion."). Nor, for that matter, does this conclusory allegation satisfy the stricter standard of particularity for allegations of fraud.

Ibrahim's response to Sabri's motion contains further allegations, that Sabri failed to disclose in his verified bankruptcy schedules and sworn statement of financial affairs that he has worked as a licensed auto dealer for Bahrah Trading Company LLC, he has been employed by Wells Fargo and IAAI, and he stated on Facebook "that he

---

[3] For purposes of deciding Sabri's Rule 12(b)(6) motion, the court takes judicial notice of Sabri's sworn statement of financial affairs. See *Ennenga v. Starns*, 677 F.3d 766, 773–74 (7th Cir. 2012). Contrary to the complaint's allegation, Sabri's statement of financial affairs says nothing relevant about the *six*-year period before he filed for bankruptcy, though it includes disclosures about his owning and having certain other connections to businesses "[w]ithin 4 years before [he] filed for bankruptcy" and states that he had no income from operating a business in 2019, 2020, or 2021. Case No. 21-23605, ECF No. 11, at 24 & 28.

buys all types of classic cars." ECF No. 11, at 2.[4] But the response does not allege that Sabri had any of these business connections or income sources—much less that he was required to disclose, but knowingly and fraudulently concealed, one or more of them—when he commenced his bankruptcy case, in late June 2021, or filed his verified schedules and sworn statement of financial affairs, two weeks later. Indeed, the response indicates that its allegations are based on materials that Ibrahim collected months later. They consist of a report from the Wisconsin Department of Transportation dated December 31, 2021, that lists Sabri as the holder of a license to buy motor vehicles on Bahrah's behalf and what seem to be screenshots of Sabri's Facebook profile, where he purportedly wrote that he "is always *looking for* classic cars" and had worked for Wells Fargo and IAAI since November 7, 2021. ECF No. 11, at 7–10 (emphasis added); see also *Buyer's License*, St. of Wis. Dep't of Transp., https://wisconsindot.gov/Pages/dmv/dlr-agents/busns-lcnse/buyerslicense.aspx (last visited Mar. 9, 2022).

      The response's allegations, like those of the complaint, do not permit the court to reasonably infer that Sabri made a false statement about his business connections (or his sources of income) in his bankruptcy schedules or his statement of financial affairs. At most, these allegations "are 'merely consistent with'" Sabri having violated §727(a)(4)(A), in that they leave open the possibility that he did. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555)). "The plausibility standard . . . asks for more than a

---

[4] As discussed above, if a defendant moving for dismissal under Rule 12(b)(6) "relies on additional materials"—i.e., materials other than "the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice"—and the court does not exclude them, then "the motion must be converted to one for summary judgment under Rule 56. A plaintiff, however, has much more flexibility in opposing a Rule 12(b)(6) motion and . . . . may elaborate on his factual allegations so long as the new elaborations are consistent with the pleadings." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) (citations omitted) (reaffirming pre-*Twombly* precedent, including *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992), which holds that "a plaintiff is free, in defending against a motion to dismiss, to allege . . . any facts he pleases that are consistent with the complaint, in order to show that there is a state of facts . . . that if proved . . . would entitle him to judgment").

sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). Therefore, the complaint does not state a facially plausible claim under §727(a)(4)(A) based on Sabri's alleged failure to fully disclose his business connections.

2

Sabri next asserts that the complaint's allegations, even taken as true, do not allow for the reasonable inference that any of the alleged false statements were material. "[M]ateriality in the bankruptcy context has a broad meaning: 'a fact is material "if it bears a relationship to the debtor's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of the debtor's property."'" *Lardas v. Grcic*, 847 F.3d 561, 570 (7th Cir. 2017) (quoting *Stamat v. Neary*, 635 F.3d 974, 982 (7th Cir. 2011)). This is so because "the 'successful functioning of the Bankruptcy Code hinges both upon the bankrupt's veracity and his willingness to make a full disclosure.'" *Stamat*, 635 F.3d at 983 (quoting *Ross v. RJM Acquisitions Funding LLC*, 480 F.3d 493, 498 (7th Cir. 2007)).

The complaint alleges in relevant part that Sabri knowingly and fraudulently made false, sworn statements in his bankruptcy case about his marital status and where he lives, facts that appear, at least abstractly, to bear a relationship to the estate or concern the discovery of assets or the existence and nature of property of the debtor. After all, property of the bankruptcy estate includes not only "all legal or equitable interests of the debtor in property as of the commencement of the case" but also specified "interests of the debtor *and the debtor's spouse* in *community property* as of the commencement of the case" that, in a chapter 7 case, must "be segregated from" and distributed differently than "other property of the estate". See 11 U.S.C. §§541(a)(1), (2) & 726(c) (emphasis added). And where an individual resides impacts his domicile, which in turn affects whether his property is "community property", see, e.g., Wis. Stat. §766.31(2) ("All property of spouses is presumed to be marital property."), and what nonbankruptcy law applies to permit the exemption of property from property of the

estate, see 11 U.S.C. §522(b)(3)(A), among other things.

But neither the complaint nor Ibrahim's response to the motion to dismiss explains how (or alleges any facts from which the court can reasonably infer that) the alleged false statements were material to *this* bankruptcy case. See *Stamat*, 635 F.3d at 978 (noting that a party seeking denial of discharge under §727(a)(4)(A) must prove, among other things, that the debtor's alleged false statement "related materially to *the bankruptcy case*" (emphasis added)); see also *In re Kitson*, 341 F. App'x 234, 238 (7th Cir. 2009) (affirming the bankruptcy court's finding that a false statement was immaterial, and therefore "did not trigger section 727(a)(4)", because the plaintiff "did not explain how he, any other creditor, or the court was hindered in any material way by the misrepresentation"). Neither the complaint nor the response says anything about the materiality of Sabri's allegedly false statement about his marital status. As for his other allegedly false statement, about where he lives, the complaint (to which the response adds nothing) vaguely alleges only that it "makes a reasonable person . . . suspect that [Sabri] is hiding his assets from the bankruptcy court and the creditors." ECF No. 1, at 7, ¶42. Perhaps it does, but there is no allegation that Ibrahim or anybody else did so suspect or that anyone acted on or was materially affected by this mere arousal of suspicion. Without more, the allegations are insufficient to sustain a facially plausible claim for denial of discharge under §727(a)(4)(A).

III

For these reasons, IT IS ORDERED that Sabri's motion to dismiss Ibrahim's adversary complaint under Rule 12(b)(6) is granted as to Ibrahim's claim for denial of discharge under §727(a)(4)(A) and any claim under §523(a)(2)(A), §523(a)(4), or §727(a)(3); all such claims are hereby dismissed; and Sabri's motion is otherwise denied.

#####